UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FIDELITY AND DEPOSIT COMPANY,
OF MARYLAND, a Maryland Corporation,    Case No. 13-CV-1291

        Plaintiff,

v.

EDWARD E. GILLEN COMPANY, GARY A.
JACKSON, JULLANE J. JACKSON, and
DLH CONSTRUCTION AND TRUCKING, INC.,

        Defendants.

---

### DEFENDANTS EDWARD E. GILLEN COMPANY'S, GARY A. JACKSON'S, JULLANE J. JACKSON'S, AND DLH CONSTRUCTION AND TRUCKING, INC.'S STATEMENT OF PROPOSED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO STAY

---

Pursuant to Federal Rules of Civil Procedure 7(b) and 56 and Civil Local Rule 56(b), Defendants Edward E. Gillen Company, Gary A. Jackson, Jullane J. Jackson, and DLH Construction and Trucking, Inc. submit the following undisputed facts in support of their motion for partial summary judgment and request to stay:

1.    On May 15, 2015 Fidelity and Deposit Company of Maryland ("F&D") filed its Second Amended Complaint. (DN 53.)

2.    In its Second Amended Complaint, F&D alleges that it issued various construction bonds to Gillen. (*See* DN 53, ¶¶ 28, 34, and 39.)

3. F&D alleges that it has paid claims totaling $1,069,596.16. (DN 53, ¶ 43.)

4. F&D alleges that it is entitled to payment for two claims for which F&D made payments on Gillen's behalf:

   a. The Meyne Supersedeas Bond claim ($825,496.08, plus proportional interest accrued) (DN 53, ¶ 37); and

   b. The Norfolk Southern Bond claim ($244,100.08, plus proportional interest accrued) (DN 53, ¶ 31).

5. F&D alleges that fifteen bond claims have been asserted by subcontractors against the F&D Bond for the 31st Street Harbor Coastal Project:

   a. American Marine Constructors, Inc. ($148,074.06);

   b. American State Equipment, Inc. ($147,258.68);

   c. Basic Towing, Inc. ($83,057.77);

   d. Central Boat Rentals, Inc. ($731,031.24);

   e. Edward E. Gillen Company ($10,000,000);

   f. Finkbiner Equipment Company ($94,862.11);

   g. Growmark, Inc. ($177,662.06);

   h. John Sakash Company ($85,620.99);

   i. Kiel Sand & Gravel, Inc. ($481,194.56);

   j. Kindra Lake Towing, L.P. ($885,451.89);

   k. Kindra Marine Terminal, Inc. ($20,773.45);

   l. King, LLC ($150,225.38);

  m.  KK Integrated Logistics, Inc. ($515,838.06);

  n.  Lannon Stone Products, Inc. ($312,453.97); and

  o.  Super Excavators, Inc. ($214,440.37).

(DN 53, ¶ 40.)

  6.  F&D alleges that it has exposure to liability in the aggregate amount of $12,547,974.59 for the claims listed in paragraph 5, above. To date, F&D has made no payments on these claims. (DN 53, ¶¶ 40, 41, and 44.)

  7.  F&D also alleges that other claims may be asserted by the PBC against F&D, including claims for violations of EEO/residency requirements, liquidated damages, and warranty claims that were the subject of a change order. (DN 53, ¶ 42.)

## Developments with Respect to the Meyne Supersedeas Bond Claim

  8.  On or about October 27, 2010, the United States District Court for the Northern District of Illinois, Eastern Division Case No. 10-C-3497, styled *The Meyne Company, etc. v. Edward E. Gillen Company,* confirmed an arbitration award against Gillen and entered judgment thereon ("Meyne Judgment"). (DN 62, p.14, Answer to ¶ 32.)

  9.  Gillen ultimately recovered $1,200,000 on this claim via settlement with its insurer. (Halloin Aff. ¶ 2.)

  10.  Due to a dispute between BMO Harris Bank, N.A. and F&D, Gillen deposited the $1,200,000 in funds with the United States District Court for the

Eastern District of Wisconsin. (DN 62, p.16, Answer to ¶ 37; *see also*, Halloin Aff. Ex. 1, 1/16/15 Financial Entry.)

11. BMO and F&D litigated their issues to conclusion on January 22, 2015. (Halloin Aff. Ex. 2, Eastern District of Wisconsin Case No. 10-CV-564, DN 232.)

12. The Court's order awarded F&D as follows: "Of the $1.2 million dollars deposited with the Court on May 9, 2014, F&D is entitled to $825,496.08, plus proportional interest accrued." (Halloin Aff. Ex. 3, Eastern District of Wisconsin Case No. 10-C-CV-564, DN 231, p.6.)

13. BMO appealed. The Court of Appeals ruled in favor of F&D, and found that F&D is to be paid in full from the funds deposited in Court. (Halloin Aff. Ex. 4, 15-AP-1323, DN 32.)

14. With $1,200,000 in funds deposited with the Court, sufficient funds exist to pay F&D $825,496.08, plus proportional interest accrued. (*See* Halloin Aff. Ex. 1.)

### Developments with Respect to the Norfolk Southern Bond

15. On or about May 11, 2010, F&D issued Bond No. PRF 8076302 ("Norfolk Southern Bond"), with Norfolk Southern Railway Company, as obligee, Gillen as principal, and F&D as surety in the sum of $1,684,900. (DN 62, p.13, Answer to ¶ 28.)

16. F&D received a claim from F.H. Paschen, S.N. Nielsen & Associates, LLC ("Paschen") against the Norfolk Southern Bond. (DN 62, p.13, Answer to ¶ 29.)

17. F&D paid Paschen the sum of $244,100.08 on this claim. (DN 53, ¶ 30.)

18. $244,208.00 has been held in the IOLTA Trust Account for the Law Offices of Jullane Jackson since March 2015, until the dispute was resolved between BMO and F&D over the ownership of those funds. (DN 62, Answer to ¶ 31; *see also* Halloin Aff. Ex. 5, Financial Statement of Accounts.)

19. With $244,100.08 in funds in the trust account, sufficient funds exist to pay F&D $244,100.08, plus proportional interest accrued. (*See* Halloin Aff. Ex. 5.)

### 31st Street Bond Subcontractor Claims

### Settled 31st Street Claims

20. F&D is seeking collateral for unresolved claims against the 31st Street Bond. (*See* DN 53, p.10–12, ¶¶ 38–42.)

21. American State Equipment asserted a claim against the F&D bond in the amount of $147,258.68 in Cook County Case No. (12-CH-26089) styled *American State Equipment v. Chicago Park District, et al.* (DN 53, p.12, ¶ 40(o).)

22. This matter settled and the bond claim was dismissed with prejudice on April 21, 2016. (Halloin Aff. Ex. 6, 4/21/16.)

23. Finkbiner Equipment Company asserted a claim against the F&D bond in the amount of $94,862.11 in Cook County Case No. (12-CH-26094) styled *Finkbiner Equipment Company v. Paschen Gillen Skipper Marine Joint Venture, et al.* (DN 53, p.11, ¶ 40(e).)

24. This matter was settled and the bond claim was dismissed with prejudice on April 21, 2016. (Halloin Aff. Ex. 7, 4/21/16 Order.)

25. Growmark, Inc. asserted a claim against the F&D bond in the amount of $177,662.06 in Cook County Case No. (12-CH-34829) styled *Growmark, Inc. v. Edward E. Gillen Company, et al.* (DN 53, p.11, ¶ 40(f).)

26. This matter was settled and the bond claim was dismissed with prejudice on December 7, 2015. (Halloin Aff. Ex. 8, 12/7/15 Order.)

27. John Sakash Company, Inc. asserted a claim against the F&D bond in the amount of $85,620.99 in Cook County Case No. (12-CH-28790) styled *John Sakash Company, Inc. v. Paschen Gillen Skipper Marine Joint Venture, et al.* (DN 53, p.11, ¶ 40(g).)

28. This matter was settled and the bond claim was dismissed with prejudice on September 24, 2015. (Halloin Aff. Ex. 9, 9/24/15 Order.)

29. King, LLC asserted a claim against the F&D bond in the amount of $150,225.38 in Cook County Case No. (12-CH-25747) styled *King, LLC v. Paschen Gillen Skipper Marine Joint Venture, et al.* (DN 53, p.11, ¶ 40(k).)

30. This matter was settled and the bond claim was dismissed with prejudice on March 15, 2016. (Halloin Aff. Ex. 10, 3/15/16 Order.)

31. KK Integrated Logistics asserted a claim against the F&D bond in the amount of $515,838.06 in Cook County Case No. (12-CH-09167) styled *KK Integrated Logistics v. Public Building Commission of Chicago, et al.* (DN 53, p.11, ¶ 40(l).)

32. This matter was settled and the bond claim was dismissed with prejudice on November 24, 2014. (Halloin Aff. Ex. 11, 11/24/14 Order.)

33. Lannon Stone asserted a claim against the F&D bond in the amount of $312,453.97 in Cook County Case No. (12-CH-16705) styled *Lannon Stone Products, Inc. v. DLH Construction and Trucking, Inc., et al.* (DN 53, p.11, ¶ 40(m).)

34. This matter reached a partial settlement and the bond claim was dismissed with prejudice on September 9, 2015. (Halloin Aff. Ex. 12, 9/9/15 Order.)

35. Edward E. Gillen Co. asserted a claim against the F&D bond in Cook County Case No. (12-CH-36178) styled *Edward E. Gillen Co. v. Paschen/Gillen/Skipper JV, et al.* (DN 53, p.10 ¶ 40(d).)

36. Gillen voluntarily dismissed the bond claim as to F&D on December 23, 2014. (Halloin Aff. Ex. 13, 12/23/14 Order.)

37. Gillen's lien claim was dismissed in that matter on July 14, 2016. (Halloin Aff. ¶ 15.)

### 31st Street Claims That Have Contingently Settled
### (Pending Court Confirmation)

38. American Marine Constructors, Inc. asserted a claim against the F&D bond in the amount of $148,074.06 in Cook County Case No. (12-CH-35905) styled *American Marine Constructors, Inc. v. F.H. Paschen, S.N. Nielsen & Associates, et al.* (DN 53, p.10 ¶ 40(b).)

39. American Marine Constructors, Inc. has entered into a confidential settlement with Gillen. (Halloin Aff. ¶ 16.)

40. Basic Towing, Inc. asserted a claim against the F&D bond in the amount of $83,057.77 in Cook County Case No. (12-CH-22630) styled *Basic Towing, Inc. v. Paschen Gillen Skipper Marine Joint Venture, et al.* (DN 53, p.10, ¶ 40(c).)

41. Basic Towing, Inc. has entered into a confidential settlement with Gillen. (Halloin Aff. ¶ 17.)

42. Central Boat Rentals, Inc. asserted a claim against the F&D bond in the amount of $731,031.24 in Cook County Case No. (12-CH-35980) styled *Central Boat Rentals, Inc. v. Paschen Gillen Skipper Marine Joint Venture, et al.* (DN 53, p.10, ¶ 40(a).)

43. Central Boat Rentals, Inc. has entered into a confidential settlement with Gillen. (Halloin Aff. ¶ 18.)

44. Kiel Sand & Gravel asserted a claim against the F&D bond in the amount of $481,194.56 in Cook County Case No. (12-CH-16709) styled *Kiel Sand & Gravel v. DLH Construction, et al.* (DN 53, p.11, ¶ 40(h).)

45. Kiel Sand & Gravel, Inc. has entered into a confidential settlement with Gillen. (Halloin Aff. ¶ 19.)

46. Kindra Lake asserted a claim against the F&D bond in the amount of $885,451.89 in Cook County Case No. (12-CH-17679) styled *Kindra Lake Towing, LP v. Paschen Gillen Skipper Marine Joint Venture, et al.* (DN 53, p.11, ¶ 40(i).)

47. Kindra Lake Towing, LP has entered into a tentative confidential settlement with Gillen. (Halloin Aff. ¶ 20.)

48. Kindra Marine Terminal, Inc. asserted a claim against the F&D bond in the amount of $20,773.45 in Cook County Case No. (12-CH-17668) styled *Kindra Marine Terminal v. Chicago Park District, et al.* (DN 53, p.11, ¶ 40(j).)

49. Kindra Marine Terminal, Inc. has entered into a tentative confidential settlement with Gillen. (Halloin Aff. ¶ 21.)

50. Super Excavators, Inc. asserted a claim against the F&D bond in the amount of $214,440.37 in Cook County Case No. (12-CH-16703) styled *Super Excavators, Inc. v. DLH Construction and Trucking, Inc., et al.* (DN 53, p.11, ¶ 40(n).)

51. Super Excavators, Inc. has entered into a confidential settlement with Gillen. (Halloin Aff. ¶ 22.)

52. On July 14, 2016, Gillen and DLH obtained leave of Court to file a motion to confirm the terms of these settlements, which are disputed by co-defendants. That motion is to be presented on August 31, 2016, and should take approximately six months to resolve. (Halloin Aff. ¶ 23.)

### Other "Theoretical" 31st Street Claims Proven Not to Exist

53. F&D also alleges in this lawsuit that other claims may be asserted by the 31st Street Breakwater Project owner, the Public Building Commission of Chicago (the "PBC"), that might be against the F&D bond, including claims for violations of EEO/residency requirements, liquidated damages, and warranty claims that were the subject of a change order that had been asserted against the JV. (DN 53, ¶ 42.)

54. F&D's Chicago counsel is also counsel for Paschen and the Paschen Gillen Skipper Marine Joint Venture. That counsel has long "rumored" that the following claims exist:

a.  $1,540,000 of liquidated damage penalties imposed by the PBC;

b.  $639,163 of minority deficiency liquidated damage penalties imposed by the PBC; and

c.  $105,520 for a deductive change order for a full time inspector for stone placement warranty work imposed by the PBC.

(Halloin Aff. ¶ 24.)

55. Two affidavits were filed by James Habschmidt, the Chief Financial Officer of Paschen and the Joint Venture, which established the alleged factual basis for these claims. The first affidavit, filed in 2013, stated: "Further, on April 2, 2012, the Joint Venture was assessed a contractual penalty sum of $608,479.49 in relation to Gillen's failure to meet its Project EEO obligation. This sum does not include potential liquidated damages which may be imposed by the PBC for Gillen's failure to meet completion milestones." (Halloin Aff. Ex. 14, March 12, 2013 Habschmidt Aff. ¶ 17.)

56. Mr. Habschmidt submitted a second affidavit on November 7, 2014 that was even more definitive: "As a result of Gillen's non-compliance with its' subcontract with the Joint Venture, the PBC has assessed (i) liquidated damages to date of $639,163 for non-compliance with minority hiring goals and (ii) the Joint Venture is subject to $1,540,000 in damages for exceeding the job completion deadline and a proposed change order of $105,520 for a full-time inspector of stone placement." (Halloin Aff. Ex. 15, November 7, 2014 Habschmidt Aff. ¶ 9.)

57. In March 2014, the PBC provided its first accounting for the Project, and subsequently provided four supplemental accountings. (*See* Halloin Aff. Ex. 16.)

None of these accountings provide any support for the alleged set-offs and deductive change orders that are alleged to exist by Mr. Habschmidt.

58. Confronted with these clear and concise accountings, Gillen requested from the PBC clarification as to whether it was asserting liquidated damage claims or set-offs. The PBC responded that: "Gillen's response raises concerns relative to allegations in the case made by counsel for the JV that the PBC exercised set-offs for liquidated damage penalties, EEOC violations, and other things. Gillen's response concedes that the allegations were oral representations made by the JV and that no information has been provided by any party that documents the existence of such set-offs. Gillen further concedes that '[n]one of the five accountings filed by the PBC with this Court give any indication of such set-offs, and it is entirely possible that the JV's counsel provided inaccurate information.' In a word, 'yes,' the JV provided inaccurate and unsubstantiated information." (Halloin Aff. Ex. 17, Combined Reply of PBC to DLH; Kiel Sand & Gravel and Super Excavators and Paschen Gillen Skipper Marien (*sic*) Joint Venture, p. 2, w/o attachments.)

### Additional Collateral Posted For 31st Street

59. The Public Building Commission of Chicago deposited $5,047,204.39 of Gillen's contract proceeds with the Clerk of the Court of Cook County as security for claims relating to the 31st Street Project. (Halloin Aff. Ex. 18, 3/10/16 Order.)

60. The Public Building Commission of Chicago recently deposited $516,500.56 with the Clerk of the Court of Cook County as security for those claims. (Halloin Aff. Ex. 19, 6/24/16 Notice of Deposit.)

11

Dated July 22, 2016.

HALLOIN & MURDOCK, S.C.
Attorneys for Edward E. Gillen Company,
Gary A. Jackson, Jullane J. Jackson, and
DLH Construction and Trucking, Inc.

s/ Scott R. Halloin
Scott R. Halloin
Wis. State Bar No. 1024669
Charles David Schmidt
Wis. State Bar No. 1030914
Anthony K. Murdock
Wis. State Bar No. 1054531

HALLOIN & MURDOCK, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
cshmidt@halloinmurdock.com
shalloin@halloinmurdock.com
amurdock@halloinmurdock.com
S:\Clients\Gillen\Eastern District of Wisconsin\Eastern District of Wisconsin (Case No. 13-CV-1291)\Pleadings\Def. Prop. Material Facts Supp. Partial MSJ on Bond Collateralization.docx