# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is made this 29th day of August by and between Fidelity & Deposit Company of Maryland ("F&D") and Edward E. Gillen Company ("Gillen"), Gary A. Jackson ("Gary"), Jullane J. Jackson ("Jullane") (Gary's spouse) and DLH Construction and Trucking, Inc. ("DLH"). For purposes of this Agreement, Gillen, Gary, Jullane and DLH shall be collectively referred to as "Defendants" and F&D and the Defendants shall be collectively referred to as "Parties".

### Recitals

A.  This Agreement relates to the partial settlement of the case styled: *Fidelity & Deposit Company of Maryland v. Edward E. Gillen Company, et al.* (Eastern District of Wisconsin Case Number 13-CV-1291) ("Lawsuit"), which arose out of a certain Agreement of Indemnity and related Net Worth Retention Agreement both dated as of February 2, 2009 (collectively, "Gillen AI") signed by Gillen, Gary and Jullane and certain surety bonds issued by F&D for Gillen, which are more fully described in the Fourth Amended Complaint (DN 111) filed in the Lawsuit;

B.  The Fourth Amended Complaint (DN 111) contains five counts: (1) Breach of Indemnity Agreement; (2) Duty to Use and Account for Contract Payments under the Agreement of Indemnity; (3) Breach of the Net Worth Retention Agreement; (4) *Quia Timet* and Exoneration; and (5) Access to Books and Records;

C.  In their Answer and Affirmative Defenses to the Fourth Amended Complaint (DN 115), Defendants deny liability to F&D and set up several affirmative defenses;

D.  Defendants' Amended Counterclaim (DN 117) contains six counts: (1) Bad Faith; (2) Abuse of Process; (3) Breach of Agreement of Indemnity; (4) Breach of Net Worth Retention Agreement; (5) Intentional Deceit; (6) Negligent Misrepresentation; and (7) Strict Responsibility Misrepresentation;

E.  F&D has not filed a responsive pleading to the Amended Counterclaim because it is not yet due;

F.  On August 14, 2017 and August 21, 2017, the Parties and their counsel participated in a mediation before the Honorable Nancy Joseph, Magistrate Judge for the Eastern District of Wisconsin;

G.  At the conclusion of the mediation the Parties reached a partial settlement of the claims, counterclaims and affirmative defenses in the Lawsuit;

H.  This Agreement contains the terms and conditions of the said partial settlement.

## Representations and Acknowledgements

The Parties represent and acknowledge to each other as follows:

1. DLH, Andrea Jackson ("Andrea"), Kristen Jackson ("Kristen") and Jullane Jackson ("Daughter Jullane") (not one of the Defendants) by letter dated June 13, 2012 notified F&D pursuant to paragraph Nineteenth of DLH's Agreement of Indemnity with F&D dated February 2, 2009 ("DLH AI") (an agreement separate from the Gillen AI) of their intent to terminate the DLH AI and F&D acknowledges receipt of their June 13, 2012 notice;

2. F&D represents that no bonds were issued to DLH by F&D and DLH represents to F&D that it is not aware of the issuance of any bonds by F&D to DLH;

3. Beginning in 2009, F&D issued several surety bonds for Gillen. Currently, the only bond issued for Gillen against which claims have been asserted and not paid or otherwise resolved is bond no. 8971635 with the Public Building Commission of Chicago, as obligee, Paschen/Gillen/Skipper Marine Joint Venture, as principal, and F&D, Continental Casualty Company and Safeco Insurance Company, as co-sureties, to secure a contract commonly referred to as the 31st Street Harbor Coastal Contract (the "31st Street Bond").

4. The only claims presently asserted against the 31st Street Bond are those alleged by the plaintiff(s) in the following lawsuits currently pending in the Circuit Court of Cook County, Illinois:

    a. *American Marine Constructors v. Paschen Gillen Skipper Marine Joint Venture, et. al.*, Cook County Case No. 12 CH 35905;

    b. *Basic Towing, Inc. v. Paschen Gillen Skipper Marine Joint Venture, et al.*, Cook County Case No. 12-CH-22630;

    c. *Central Boat Rentals, Inc. v. Paschen Gillen Skipper Marine Joint Venture, et al.*, Cook County Case No. 12-CH-35980;

    d. *Kiel Sand & Gravel v. DLH Construction, et al.*, Cook County Case No. 12-CH-16709;

    e. *Kindra Lake Towing, LP v. Paschen Gillen Skipper Marine Joint Venture, et al.*, Cook County Case NO. 12-CH-17679; and

    f. *Kindra Marine Terminal v. Chicago Park District, et al.*, Cook County Case No. 12-CH-17668.

5. F&D issued, as co-surety, a performance and payment bond to secure the general contract for the Wacker Drive/Congress Parkway Interchange Improvements ("Wacker Drive Bond"). Gillen is not a principal on the Wacker Drive Bond. Gillen, however, was a subcontractor on that project. The only claim presently asserted against the Wacker Drive Bond is that alleged by the plaintiff in that certain lawsuit

entitled, *Edward E. Gillen Marine, LLC v. F. H. Paschen Cabo Joint Venture*, Cook County Case No. 12-CH-18470.

6. Other than the claims described in paragraph 4 above, F&D is not aware of any claims against any of the surety bonds issued for Gillen that have not been paid or otherwise resolved.

7. Gillen believes that it has provided all information requested by F&D relating to its financial records requested via discovery served in the Lawsuit or during the citation proceedings (Eastern District of Wisconsin Case No. 13-CV-1291).

8. The Parties have consulted with their respective counsel concerning this Settlement Agreement.

9. The Parties have had a reasonable opportunity to consider whether there may be future damages, injuries, claims, obligations and liabilities which presently are unknown, unforeseen or not yet in existence before executing this Settlement Agreement. The Parties are also relying upon the accuracy of the Representations and Acknowledgments contained in this Agreement.

### Agreement

NOW THREREFORE in consideration of the mutual promises contained herein, the Parties agree as follows:

1. The Recitals and the Representations and Acknowledgements are incorporated into and made a part of this Agreement.

2. Within three business days following the full execution of this Agreement by the Parties, Gillen shall pay F&D the sum of **$244,208.00** (currently on deposit in the Trust Account of the Law Offices of Jullane Jackson) in repayment of F&D's payment of a claim made against a bond issued for Gillen and referred to in the Fourth Amended Complaint as the Norfolk & Southern Bond). F&D waives any pre-judgment interest with respect to the aforesaid payment.

3. Prior to the full execution of this Agreement, F&D provided Gillen with a list of categories of documents that it believes that it has not received with respect to the books, records and accounts of Gillen, a copy of which is attached as **Exhibit A**. Gillen shall within 30 days after the date hereof make all such records available in or near Milwaukee, Wisconsin to F&D for inspection and copying. Any and all documents made available pursuant to this paragraph shall be kept confidential and shall not be disclosed to anyone other than employees, agents, representatives, attorneys, accountants, and advisors to F&D in connection with their provision of legal or financial services to F&D. F&D agrees that unless compelled to do so by law or court order, it will not disclose, discuss, or reveal to any other third-party not otherwise authorized by this agreement the said documents or the content thereof without the advance written consent of Gillen to any such disclosure, and shall secure said third-party's signature to a Confidentiality Agreement similar in form and content to this document.

4.  F&D agrees that the DLH AI shall terminate as of July 3, 2012 in accordance with the provisions of paragraph Nineteenth of the DLH AI.

5.  F&D waives its claim for reimbursement of attorneys' fees and litigation expenses incurred with respect to known claims resulting from the issuance of the 31st Street Bond, including, without limitation, the claims and lawsuits identified in paragraph 4 of the Representations and Acknowledgments, the bonds referred to in the Fourth Amended Complaint (DN 111) as the Meyne Bond and the Norfolk Southern Bond, and in prosecuting the Lawsuit. F&D agrees that Defendants shall not pay any sum to F&D for said waived claim for fees and expenses.

6.  The Parties agree that Counts I, II, III and V of the Fourth Amended Complaint shall be dismissed with prejudice and without costs, which shall result in a dismissal with prejudice of DLH, Gary and Jullane as parties to the Lawsuit and that the Defendants' Affirmative Defenses insofar as they pertain to said counts shall also be dismissed with prejudice. The Amended Counterclaim shall be dismissed with prejudice and without costs (subject to the terms and provisions of paragraph 7 hereof). Further, paragraphs 55 and 56 of the Fourth Amended Complaint shall be stricken without prejudice. In connection therewith, the Parties through their counsel, shall file with the Court a stipulation to dismiss and dismissal order pursuant to said stipulation reflecting the terms of this paragraph 6.

7.  Count IV of the Fourth Amended Complaint- *Quia Timet* and Exoneration, which is asserted against Gillen only, and shall remain pending and is not affected by this Agreement. The Affirmative Defenses shall remain pending insofar as they pertain to Count IV of the Fourth Amended Complaint and shall likewise not be affected by this Agreement. To the extent not currently asserted, Gillen may assert as affirmative defenses to Count IV that (a) F&D has waived its *Quia Timet* and Exoneration claims by entering into this Settlement Agreement dismissing claims under the Gillen AI (b) the arguments asserted by defendants in their pending motion for summary judgment (DN 119-210.) and (c) claims asserted as counterclaims in the Amended Counterclaim (DN 117) (as set-offs only), all of which are denied by F&D. If any set-off affirmative defense requires that a compulsory counterclaim be filed, Gillen may do so but Gillen agrees that the amount sought in the said counterclaim shall be limited to the amount necessary to set off F&D's claims in Count IV and Gillen shall not pray for or seek a recovery against F&D in excess thereof. In the event that Gillen files such a counterclaim, F&D may assert any and all defenses that it deems appropriate.

8.  F&D, and the Defendants release each other from any and all claims, causes of action, obligations and liabilities which they now have or in the future may have relating to the Gillen AI, known claims against bonds issued by F&D pursuant to or in reliance upon the Gillen AI, including but not limited to all claims which were asserted or could have been asserted in the Lawsuit. In order to avoid any misunderstanding, the Parties agree that the foregoing partial release is limited to the claims asserted in Counts I, II, III and V of the Fourth Amended Complaint and in the Amended Counterclaim and known claims presently in existence at the time of the signing of this Agreement. Those claims, defenses and set-offs specifically preserved in paragraph 7 of this Agreement are expressly not included in the scope of the partial release.

9. Notwithstanding any provision herein to the contrary, the foregoing release is a partial release only and is intended as a release with respect to Counts I, II, III and V of the Fourth Amended Complaint, the Amended Counterclaim and affirmative defenses pertaining to said Counts I, II, III and V. The parties intend that this release shall have no effect whatsoever upon Count IV and any affirmative defenses and counterclaim alleged with respect to said Count IV. The partial release is intended to extend to and include (1) Gary's and Jullane's executors, administrators, successors, assigns, attorneys and agents (2) Andrea, Kristen and Daughter Jullane (3) F&D, Gillen and DLH, and (4) F&D's, Gillen's and/or DLH's past, present and future parent, subsidiary and other affiliated or related entities, and its and their predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys, consultants, experts and agents.

10. The Parties further agree that this Agreement contains the settlement and compromise of disputed claims and agree that the payment provided is not to be construed as an admission of any fault or liability with respect to any claim, obligation or liability released. Neither F&D nor Defendants admit liability to each other.

11. Each of the Parties are not relying on any statements or promises made by any of the other Parties or their counsel other than what is contained in this Agreement.

12. Each of the Parties shall bear his, her or its own attorneys' fees in connection with the preparation of this agreement.

13. This Agreement may be signed in counterpart. Electronic signatures shall be considered as genuine as an original signature.

THIS SPACE INTENTIONALLY LEFT BLANK

FIDELITY & DEPOSIT COMPANY OF MARYLAND

By: *Gregory W. Kilbourn*
　　Its Authorized Agent

EDWARD E. GILLEN COMPANY

By: _____
　　Its Authorized agent

DLH CONSTRUCTION AND TRUCKING, INC.

By: _____
　　Its Authorized agent

_____
GARY A. JACKSON

_____
JULLANE J. JACKSON

# EXHIBIT A

**EXHIBIT A TO SETTLEMEN AGREEMENT AND RELEASE**

1. Corporate tax Returns for Edward E. Gillen, Co. for the period of 2009 to present.

2. Bank statements along with cancelled checks for all business bank accounts for Edward E. Gillen, Co. (operating bank accounts, payroll bank accounts, sweep bank accounts) for the period of 2009 to present.

3. Subsidiary Ledgers for Edward E. Gillen, Co. for all financial statements detailed on Audited Financial Statements issued by The VanderBloemen Group LLC. Please provide for period 2009 through 2011.