# EXHIBIT

# 5

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
CALENDAR: 52
PAGE 1 of 20
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION
## MECHANICS LIEN SECTION

| | |
|---|---|
| CENTRAL BOAT RENTALS, INC., *et al.*, | ) Case No. 12-CH-35980 |
| Plaintiffs, | ) Hon. Anthony C. Kyriakopoulos |
| v. | ) Calendar 52 |
| PASCHEN GILLEN SKIPPER MARINE JOINT VENTURE, *et al.*, | ) Consolidated with: |
| Defendants. | ) 12-CH-00417 |

Case No. 12-CH-35980

Hon. Anthony C. Kyriakopoulos

Calendar 52

Consolidated with:
12-CH-00417
12-CH-03946
12-CH-16703
12-CH-16705
12-CH-16709
12-CH-17668
12-CH-17679
12-CH-22630
12-CH-28790
12-CH-35905
12-CH-35980
15-CH-05207
15-CH-10534
15-CH-13526

## DEFENDANT EDWARD E. GILLEN COMPANY'S VERIFIED ANSWER TO PLAINTIFF CENTRAL BOAT RENTALS, INC.'S AMENDED COMPLAINT

Defendant Edward E. Gillen Company ("Gillen"), by its attorneys, Halloin & Murdock, S.C., hereby answers Plaintiff Central Boat Rentals, Inc.'s ("Central Boat") amended complaint as follows:

### GENERAL ALLEGATIONS

1.      Central Boat Rentals, Inc. ("Central Boat") is [sic] Louisiana corporation, with its principal place of business in Berwick, Louisiana.

**Answering Paragraph 1,** Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 2 of 20

2.      Paschen Gillen Skipper Marine Joint Venture ("PGSM JV") is a joint venture among FH Paschen, S.N., Nielsen & Associates LLC ("Paschen/Nielsen"), Edward E. Gillen Co, ("Gillen") and Skipper Marine Development, Inc. ("Skipper Marine"). On January 29, 2010 pursuant to 805 ILCS 405/0.01 et seq., PGSM JV filed Certificate No. D10120511 with the Cook County Clerk. PGSM JV had a business address of 8725 West Higgins Road, Suite 200, Chicago, Illinois and, sometime after February 14, 2012, at 5515 North East River Road, Chicago, Illinois 60656.

**Answering Paragraph 2**, Gillen admits that the Paschen Gillen Skipper Marine Joint Venture ("the Joint Venture") is a joint venture composed of F.H. Paschen, S.N. Nielsen & Associates, LLC ("Paschen"), Edward E. Gillen Company, and Skipper Marine Development, Inc. ("Skipper"); Gillen further admits that the Joint Venture had business addresses at the indicated addresses; Gillen lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies those allegations.

3.      Paschen/Nielsen is an Illinois limited liability company.  On information and belief Paschen/Nielsen's principal place of business was 8725 West Higgins Road, Suite 200, Chicago, Illinois and, sometime after February 14, 2012, moved to 5515 North East River Road, Chicago, Illinois 60656.  Paschen/Nielsen was and, on information and belief remains one of PGSM JV's joint venturers.

**Answering Paragraph 3**, Gillen admits that Paschen is an Illinois limited liability company and one of the Joint Venture's joint venturers; Gillen further admits that Paschen had business addresses at the indicated addresses; Gillen lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies those allegations.

4.    Gillen is a Wisconsin corporation and, on information and belief has its principal place of business at 278 West Becher, Milwaukee, Wisconsin. Gillen was and, on information and belief remains one of PGSM JV's joint venturers. Gillen is named in this action as a necessary party.

**Answering Paragraph 4**, Gillen admits that it is a Wisconsin business corporation and one of the Joint Venture's joint venturers; Gillen denies that its principal place of business is located at the indicated address; Gillen affirmatively alleges that the remaining allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

5.    Skipper Marine is a Wisconsin corporation, and, on information and belief has its principal place of business at 215 North Point Drive, Winthrop Harbor, Illinois. Skipper Marine was and, on information and belief remains one of PGSM JV's joint venturers.

**Answering Paragraph 5**, Gillen admits the allegations.

6.    The Public Building Commission of Chicago ("PBC") is a municipal corporation with a statutory mandate to procure and award contacts for the construction of public buildings in the City of Chicago, and to oversee the construction of those public buildings until they are turned over to the user agency that will own and operate each new facility, PBC's principal place of business is located at Room 200, Richard J. Daley Center; 50 West Washington Sheet, Chicago, Illinois.

**Answering Paragraph 6**, Gillen admits the allegations.

7.    PGSM JV entered into an agreement with PBC designated Contract No 1502R (3lst Street Harbor-Coastal Rebid) ( the "Prime Contract"). Under the prime Contact PGSM JV was to construct a new harbor at 3lst Street in Chicago formed by rubble-mound breakwaters in

- 3 -

Lake Michigan comprised of an estimated 480,000 tons of stone which had to be transported to the site from distant locations by watercraft, which in turn, had to be towed (the "Project").

**Answering Paragraph 7**, Gillen admits that the PBC and the Joint Venture entered a contract, PBC Contract Number 1502R, under which the PBC awarded the Joint Venture the Project; Gillen affirmatively alleges that PBC Contract Number 1502R speaks for itself and, accordingly, denies all allegations and legal conclusions which conflict with the terms of that contract.

8.      Central Boat among other things, provided watercraft services by crewed tugboats of the barges used to transport stone and provided related labor, materials and facilities for use in the construction of the Project (collectively, "Central Boat's Services") pursuant to a Contract Bareboat Charter Party Agreement (the "Agreement" ) with Gillen.

**Answering Paragraph 8**, Gillen admits that Central Boat and Gillen entered two contracts, Bareboat Party Charter Agreements, under which Central Boat provided Gillen marine vessels CBR 775 and CBR 776, which were used in transporting stone for the construction of the Project; Gillen affirmatively alleges that the Bareboat Party Charter Agreements speak for themselves and, accordingly, denies all allegations and legal conclusions which conflict with the terms of those contracts; Gillen further denies that Central Boat provided Gillen crews for marine vessels CBR 775 and CBR 776 or labor, materials, or facilities for or used in the construction of the Project.

9.      After allowing all just credits, deductions and setoffs, there is presently due and owing to Central Boat the principal balance of at least $731, 031.24 for Central Boat's Services.

**Answering Paragraph 9**, Gillen denies all allegations and legal conclusions.

10.     Central Boat has performed all conditions precedent to the bringing of this action.

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 4 of 20

- 4 -

**Answering Paragraph 10**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

11.     Defendants Continental Casualty Company Safeco Insurance Company of America and Fidelity & Deposit Company of Maryland are sureties (collectively, "Sureties"). Sureties issued a payment bond on behalf of the Sureties' principal, PGSM JV, for the Project.

**Answering Paragraph 11**, Gillen admits the allegations; Gillen affirmatively alleges that the referenced bond speaks for itself and, accordingly, denies all allegations and legal conclusions which conflict with the terms of that bond.

**COUNT I**
**(Lien Against Public Funds Under**
**770 ILCS 60123 for Central Boat's Services)**

12.     Central Boat repeals and realleges paragraphs 1 through 11 of the General Allegations as paragraph 12 of Count.

**Answering Paragraph 12**, Gillen realleges and incorporates by reference its answers to paragraphs 1 through 11 above.

13.     On September 21, 2012, pursuant to 770 ILCS 60123, Central Boat served a notice of Central Boat's lien claim for the $731,031.24 principal amount claimed for Central Boat's Services (the "Lien Notice') to PGSM JV, Paschen/Nielsen, Gillen Skipper Marine the Sureties, the PBC, and the Chicago Park District. An authentic copy of the Lien Notice is attached to and incorporated in this Complaint as **Exhibit 1**. The Lien Notice contained a scrivener's error, discovered years after service, and an Amended Lien Notice was served on October 5, 2016 to correct the error. The method of service of the both the Lien Notice and Amended Lien Notice was by certified mail, return receipt requested. See Ex. 1, which includes the Amended Lien Notice.

**Answering Paragraph 13**, Gillen denies that the September 21, 2012 Lien Notice (which conflicts with the attached Affidavit with respect to the amount at issue) identifies a claim in the amount of $731,031.24; Gillen lacks knowledge and information as to whether the Lien Notice contained a scrivener's error; Gillen admits that it received a copy of the Amended Lien Notice; Gillen lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies those allegations.

14. Within 90 days after service of the original Lien Notice Central Boat filed its Complaint.

**Answering Paragraph 14**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

15. By virtue of the foregoing, Central Boat is entitled to a lien in the principal amount of $731,031.24, plus interest, upon all monies, and warrants due or to become due from PBC to PGSM JV for Central Boat's services.

**Answering Paragraph 15**, Gillen affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

16. Central Boat is also entitled to prejudgment interest under 770 ILCS 60/23 at the rate of 10%. Alternatively, Central Boat is entitled prejudgment interest under 815 ILCS 205/2 in that the refusal to pay was vexatious and unreasonable.

**Answering Paragraph 16**, Gillen affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 6 of 20

**Answering All Paragraphs Above**, Gillen denies all allegations and legal conclusions not expressly answered above.

**WHEREFORE**, Gillen respectfully requests that the Court enter judgment with respect to Count I as follows:

a.  Dismissing Count I in its entirety, with prejudice;

b.  Awarding to Gillen all attorney fees, costs, and disbursements it incurs in relation to Count I; and

c.  Awarding to Gillen all other relief the Court deems equitable or otherwise just and proper.

**COUNT II**
**(In the Alternative to Count III; Public Construction**
**Bond Ace – 30 ILCS 550/2 for Central Boat's Services)**

17.  Public Building Commission of Chicago for the use and benefit of Central Boat Rentals, Inc. (" Use Plaintiff") repeats and realleges the allegations of paragraphs 1 through 11 of the General Allegations as paragraph 17 of Count II.

**Answering Paragraph 17**, Gillen realleges and incorporates by reference its answers to paragraphs 1 through 11 above.

18.  The Prime Contract between PBC and PGSM JV was a contract for public work within the meaning of the Illinois Public Bond Construction Act 30 ILCS 550/1 et seq.

**Answering Paragraph 18**, Gillen affirmatively alleges that PBC Contract Number 1502R speaks for itself and, accordingly, denies all allegations and legal conclusions which conflict with the terms of that contract; Gillen further affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 7 of 20

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 8 of 20

19.     PGSM JV provided to PBC a payment bond issued by the Sureties for the Prime Contact (the "Bond). An authentic photocopy of the Bond is attached to and incorporated in this Complaint as Exhibit 2.

**Answering Paragraph 19**, Gillen admits the allegations.

20.     Central Boat completed the last of Central Boat's Watercraft Towing Services for which Central Boat makes claim on April 3, 2012.

**Answering Paragraph 20**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

21.     On July 6, 2012, pursuant to 30 ILCS 550/2, within 180 days after Central Boat's last item of work performed and materials furnished, Central Boat served its verified notice of its claim for the $731,031.24 Principal Amount Due (the "Bond Notice"). An authentic photocopy of Central Boat's Bond Notice is attached to and incorporated in this Complaint as Exhibit 3. Central Boat served the Bond Notice to PGSM JV, Paschen/Nielsen, Gillen, Skipper Marine, PBC, Sureties, and Chicago Park District. Authentic copies of the return receipts for delivery of the Bond Notice are attached to and incorporated in this Complaint as Exhibit 4.

**Answering Paragraph 21**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

22.     On information and belief, as of the date of the filing of this Complaint, PBC had not accepted the Project as completed.

**Answering Paragraph 22**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

23.     Central Boat did not bring this suit until more than 120 days after Central Boat provided the last of Central Boat's Watercraft Towing Services for which this Count II is brought.

**Answering Paragraph 23**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

24.     Central Boat is entitled to recover the principal amount of $731,031.24 from Sureties under the Bond and any other bond applicable to the Prime Contract.

**Answering Paragraph 24**, Gillen affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

25.     Central Boat is entitled to prejudgment interest under 815 ILCS 205/2 in that the Bond is written.

**Answering Paragraph 25**, Gillen affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

**Answering All Paragraphs Above**, Gillen denies all allegations and legal conclusions not expressly answered above.

**WHEREFORE**, Gillen respectfully requests that the Court enter judgment with respect to Count II as follows:

      a.     Dismissing Count II in its entirety, with prejudice;

      b.     Awarding to Gillen all attorney fees, costs, and disbursements it incurs in relation to Count II; and

      c.     Awarding to Gillen all other relief the Court deems equitable or otherwise just and proper.

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 9 of 20

## COUNT III
### (In the Alternative to Count II; Public Construction
### Bond Act – 30 ILCS 550/2 for Central Boat's Services)

26.    Use Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 as

paragraph 26 of Count III.

**Answering Paragraph 26**, Gillen realleges and incorporates by reference its answers to

paragraphs 1 through 25 above.

27.    Central Boat provided Central Boat's Services for the Project to allow Gillen to

satisfy Gillen's obligation in Gillen's capacity as joint venturer as part of PGSM JV's obligations

under the Prime Contract. On information and belief, Gillen was merely the agent of PGSM JV.

**Answering Paragraph 27**, Gillen denies all allegations and legal conclusions.

**Answering All Paragraphs Above**, Gillen denies all allegations and legal conclusions

not expressly answered above.

**WHEREFORE**, Gillen respectfully requests that the Court enter judgment with respect

to Count III as follows:

      a.    Dismissing Count III in its entirety, with prejudice;

      b.    Awarding to Gillen all attorney fees, costs, and disbursements it incurs in
         relation to Count III; and

      c.    Awarding to Gillen all other relief the Court deems equitable or otherwise
         just and proper.

## COUNT IV
### (Public Construction Bond Act -
### 30 ILCS 550/2 for Central Boat's Services)

28.    Use Plaintiff repeats and realleges paragraphs 1 through 25 of the General

Allegations as paragraph 28 of Count IV.

**Answering Paragraph 28**, Gillen realleges and incorporates by reference its answers to

paragraphs 1 through 25 above.

- 10 -

29.    The Prime Contract between PBC and PGSM JV was a contract for public work within the meaning of the Illinois Public Bond Construction Act, 30 ILCS 550/1 et seq.

**Answering Paragraph 29**, Gillen affirmatively alleges that PBC Contract Number 1502R speaks for itself and, accordingly, denies all allegations and legal conclusions which conflict with the terms of that contract; Gillen further affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

30.    PGSM JV provided to PBC a Bond issued by Sureties for the Prime Contract, Ex. 2.

**Answering Paragraph 30**, Gillen admits the allegations.

31.    Central Boat completed the last of Central Boat's Services for which Central Boat makes claim on April 3, 2012.

**Answering Paragraph 31**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

32.    On July 6, 2012, pursuant to 30 ILCS 550/2, within 180 days after Central Boat's last item of work performed and materials furnished, Central Boat served its verified Bond Notice of its claim for the Principal Amount Due. Ex. 3. Central Boat served the Water Vessels Services Bond Notice to PGSM JV, Paschen/Nielsen, Gillen Skipper Marine, PBC and Sureties.

**Answering Paragraph 32**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

33.    On information and belief as of the date of the filing of this Complaint PBC had not Accepted the Project as completed.

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 11 of 20

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 12 of 20

**Answering Paragraph 33**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

34.    Central Boat did not bring this suit until more than 120 days after Central Boat provided the last of Central Boat's Water Vessels Services for which this Count IV is brought.

**Answering Paragraph 34**, Gillen lacks knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

35.    Central Boat is entitled to recover the principal amount of $731,031.24 from Sureties under the Bond and any other bond applicable to the Prime Contract for Central Boat's Services.

**Answering Paragraph 35**, Gillen affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

36.    Central Boat is entitled to prejudgment interest under 815 ILCS 205/2 in that the Bond is written.

**Answering Paragraph 36**, Gillen affirmatively alleges that the allegations are legal conclusions to which no answer is necessary; however, in the event an answer is deemed necessary, Gillen denies all allegations and legal conclusions which conflict with the law of the State of Illinois.

**Answering All Paragraphs Above**, Gillen denies all allegations and legal conclusions not expressly answered above.

**WHEREFORE**, Gillen respectfully requests that the Court enter judgment with respect to Count IV as follows:

      a.    Dismissing Count IV in its entirety, with prejudice;

- 12 -

b.   Awarding to Gillen all attorney fees, costs, and disbursements it incurs in relation to Count IV; and

c.   Awarding to Gillen all other relief the Court deems equitable or otherwise just and proper.

Dated November 15, 2016.

*Attorneys for Edward E. Gillen Company:*
**HALLOIN & MURDOCK, S.C.**

Scott R. Halloin
ARDC No. 6203861
Cook County No. 43366
Charles David Schmidt
ARDC No. 6318992
Cook County No. 59260
Sheila L. Shadman Emerson
ARDC No. 6306977
Cook County No. 49583
839 North Jefferson Street
Fifth Floor
Milwaukee, WI 53202
p  414-732-2424
f  414-732-2422
shalloin@halloinmurdock.com
cschmidt@halloinmurdock.com
sshadmanemerson@halloinmurdock.com

**THAYER C. TORGERSON LAW OFFICE**
Thayer C. Torgerson
ARDC No. 6204662
Cook County No. 29842
2400 North Western Avenue
Suite 201
Chicago, IL 60647
p  773-772-0844
f  773-772-0845
ted@tedtorgersonlaw.com

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 13 of 20

# AFFIDAVIT OF VERIFICATION

STATE OF WISCONSIN    )
                      ) ss.
OZAUKEE COUNTY        )

JULLANE J. JACKSON, being first duly sworn on oath, states as follows:

1.    I am a shareholder of and in-house counsel for Gillen. At the time of all events and documents material to the Project at issue in this case, the 31st Street Harbor–Coastal Project, PBC Contract Number 1502R, I shared in running the business affairs of Gillen. I make this Affidavit of Verification as a corporate representative and agent of Gillen.

2.    Pursuant to 735 ILCS 5/2–605, and under penalties provided by law pursuant to 735 ILCS 5/1–109, I hereby certify that the statements set forth in the attached Answer are true and correct, except as to matters stated to be on information and belief, and as to such matters, I hereby certify that I verily believe such matters to be true and correct.

3.    Pursuant to 735 ILCS 5/2–610, and under penalties provided by law pursuant to 735 ILCS 5/1–109, I hereby further certify that the statements set forth in the attached Answer which indicate a lack of information and knowledge are matters upon which Gillen has a want of information and knowledge sufficient to form a belief regarding the truth of the subject allegation or legal conclusion.

_Jullane J. Jackson_

Subscribed and sworn to before me
this 15th day of November, 2016.

_Andrea K. Jackson_
Notary Public, State of Wisconsin
My commission expires: 1/12/2018

S:\Clients\Gillen\Cook County\Cook County (12-CH-35980)\Pleadings\Answer to Amended Complaint of Central Boat Rentals, Inc.docx

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 14 of 20

- 14 -

# CERTIFICATE OF SERVICE

The attached document was served via email (and U.S. Mail where no email address is provided) upon the person(s) listed below on November 15, 2016:

**AMERICAN MARINE CONSTRUCTORS, INC.**
Tina M. Bird, Esq.
Adam C. Toosley, Esq.
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
p 312.360.6384
f 312.360.6520
tbird@freebornpeters.com
atoosley@freebornpeters.com

**AMERICAN STATE EQUIPMENT CO., INC., and FINKBINER EQUIPMENT COMPANY**
Thomas M. Bartell, Jr., Esq.
Andrew R. Helminiak, Esq.
Stupar & Schuster, S.C.
633 West Wisconsin Avenue
Suite 1800
Milwaukee, WI 53203
p 414.271.8833
f 414.271.2866
tbarte@ssclaw.com
ahelminiak@ssclaw.com

Kimberly J. Weissman, Esq.
Law Offices of Kimberly J. Weissman, LLC
633 Skokie Boulevard
Suite 400
Northbrook, IL 60062
p847.480.0880
f 847.412.0990
kimberly@weissmanlegal.com

**BASIC TOWING, INC.**
Sophia Moraitis, Esq.
S. Moraitis & Associates
333 West Harrison Street
Oak Park, IL 60304
p 312.733.9803
f 312.276.4212
smoraitis@sma-law.com

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 15 of 20

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 16 of 20

**CENTRAL BOAT RENTALS, INC.**
Scott H. Reynolds, Esq.
Christina E. Lutz, Esq.
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, IL 60602
p 312.476.7553
p 312.346.8380
f 312.346.8434
sreynolds@lplegal.com
celutz@lplegal.com

Rufus C. Harris, III, Esq., *Pro Hac Vice*
Harris & Rufty, LLC
650 Poydras Street
Suite 2710
New Orleans, LA 70130
p 504.525.7500
rch@harrisrufty.com

**CHICAGO PARK DISTRICT**
Chicago Park District Law Department
c/o Attorney of Record
541 North Fairbanks Court
Suite 3
Chicago, IL 60611
p 312.742.7529

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
Cornelius F. Riordan, Esq.
Harold E. McKee, Esq.
Brandon G. Hummel, Esq.
Riordan, McKee & Piper, LLC
20 North Wacker Drive
Suite 910
Chicago, IL 60606
p 312.663.9400
f 312.663.1028
criordan@rmp-llc.com
hmckee@rmp-llc.com
bhummel@rmp-llc.com

- 16 -

**GILLEN FOUNDATIONS, LLC**
c/o Jullane J. Jackson, Esq.
W69N425 Fox Pointe Avenue
Cedarburg, WI 53012
p 262.376.2200
jullane@sbcglobal.net

**GILLEN FOUNDATIONS, INC., and MICHELS CORPORATION**
David J. Turiciano, Esq.
Mawicke & Goisman, S.C.
1509 North Prospect Avenue
Milwaukee, WI 53202
p 414.224.0600
f 414.224.9359
dturiciano@dmgr.com

**ISP MINERALS, INC., n/k/a SPECIALTY GRANULES**
David B. Tulchin, Esq., *Pro Hac Vice*
William J. Snipes, Esq., *Pro Hac Vice*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
p 212.558.4000
f 212.558.3588
tulchind@sullcrom.com
snipesw@sullcrom.com

Mark E. Wilson, Esq.
FisherBroyles, LLP
203 North LaSalle Street
Suite 2100
Chicago, IL 60601
p 312.498.8078
mark.wilson@fisherbroyles.com

**JOHN SAKASH COMPANY, INC.**
Joseph A. Macaluso, Esq.
Law Offices of Joseph A. Macaluso
18316 Distinctive Drive
Orland Park, IL 60467
p 708.479.9100
jam@joemaclaw.net

- 17 -

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 18 of 20

**KINDRA LAKE TOWING, LP, and KINDRA MARINE TERMINAL, INC.**

John S. Mrowiec, Esq.
Kenneth A. Cripe, Esq.
Conway & Mrowiec
20 South Clark Street
Suite 1000
Chicago, IL 60603
p 312.658.1100
f 312.658.1201
jsm@cmcontractors.com
kac@cmcontractors.com

**KIEL SAND STONE PRODUCTS, INC., and SUPER EXCAVATORS, INC.**

John J. Chitkowski, Esq.
Corey B. Stern, Esq.
Chitkowski Law Offices
801 Warrenville Road
Suite 620
Lisle, IL 60532
p 630.824.4808
f 630.824.4809
jjc@chitkowskilaw.com
cbs@chitkowskilaw.com

**SUPER EXCAVATORS, INC.**

Daniel T. Graham, Esq.
Clark Hill, PLC
130 East Randolph Street
Suite 3900
Chicago, IL 60601
p 312-958-5900
f 312-985-5999
dgraham@clarkhill.com

- 18 -

**PASCHEN GILLEN SKIPPER MARINE JOINT VENTURE, F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC**

Robert G. Barbour, Esq.
C. William Groscup, Esq.
Mitchell A. Bashur, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place
Suite 1000
McLean, VA 22102
p 703-749-1000
f 703-893-8029
rbarbour@watttieder.com
wgroscup@watttieder.com
mbashur@watttieder.com

**PASCHEN GILLEN SKIPPER MARINE JOINT VENTURE, F.H. PASCHEN, S.N. NIELSEN & ASSOCIATES, LLC, CNA SURETY CORPORATION, CONTINENTAL CASUALTY COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

**ADDITIONAL APPEARANCE FOR LANNON STONE PRODUCTS, INC., and JOHN SAKASH COMPANY**

Ellen B. Epstein, Esq.
Edward J. Burke, Esq.
Larisa L. Elizondo, Esq.
Burke Burns & Pinelli, Ltd.
70 West Madison Street
Suite 4300
Chicago, IL 60602
p 312.541.8600
f 312.541.8603
eepstein@bbp-chicago.com
eburke@bbp-chicago.com
lelizondo@bbp-chicago.com

Patrick G. Donnelly, Esq.
Donnelly, Lipinski & Harris, LLC
29 South LaSalle
Suite 1210
Chicago, IL 60603
p 312.564.5200
c 773.990.9674
f 312.564.5230
pdonnelly@dlhlawoffices.com

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 19 of 20

**KOKOSING CONSTRUCTION COMPANY, INC. – DUROCHER MARINE DIVISION, PERE MARQUETTE SHIPPING COMPANY, and NORTH AMERICAN STEVEDORING, LLC by its assignee the PASCHEN GILLEN SKIPPER MARINE JOINT VENTURE**

Cornelius F. Riordan, Esq.
Harold E. McKee, Esq.
Brandon G. Hummel, Esq.
Alison M. Finn, Esq.
Riordan, McKee & Piper, LLC
20 North Wacker Drive
Suite 910
Chicago, IL 60606
p 312.663.9400
f 312.663.1028
criordan@rmp-llc.com
hmckee@rmp-llc.com
bhummel@rmp-llc.com
afinn@rmp-llc.com

**PUBLIC BUILDING COMMISSION OF CHICAGO**

Anne L. Fredd, Esq.
Tobin M. Richter, Esq.
Neal & Leroy, LLC
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
p 312.641.7144
f 312.641.5137
afredd@nealandleroy.com
trichter@nealandleroy.com

**SKIPPER MARINE DEVELOPMENT, INC.**

A. Jay Koehler, Esq.
Christopher T. Sheean, Esq.
Derrick L. Haddox, Esq.
Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, IL 60611
p 312.321.8462
f 312.321.0990
jkoehler@smbtrials.com
csheean@smbtrials.com
dhaddox@smbtrials.com

Scott R. Halloin

- 20 -

ELECTRONICALLY FILED
11/15/2016 1:29 PM
2012-CH-35980
PAGE 20 of 20